COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | SUPERIOR COURT DEPARTMENT<br>CIVIL ACTION NO. |

DOMENIC CALAUTTI,  )
    *Plaintiff*,  )
                        )
V.  )      *4/12/2022*
                        )
MASSACHUSETTS PORT AUTHORITY  )
and JETBLUE AIRWAYS  )
CORPORATION,  )
    *Defendants*.  )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Domenic Calautti, Plaintiff in the above-captioned action and hereby files this Complaint and shows the Court as follows:

### FACTS COMMON TO ALL COUNTS

1. The Plaintiff, Domenic Calautti, is an individual residing in Boston, Suffolk County, Massachusetts.

2. The Defendant, Massachusetts Port Authority, is an independent public authority in the Commonwealth of Massachusetts with its principal place of business located at One Harborside Drive, Suite 200S in Boston, Suffolk County, Massachusetts.

3. Service may be made upon the Defendant, Massachusetts Port Authority, at its principal place of business located at One Harborside Drive, Suite 200S in Boston, Suffolk County, Massachusetts.

4. The Defendant, Massachusetts Port Authority, owns and operates Logan International Airport located in Boston, Suffolk County, Massachusetts.

5. The Defendant, JetBlue Airways Corporation ("JetBlue") is a duly organized corporation with its principal place of business located at 27-01 Queens Plaza North in Long Island City, Queens County, New York.

6. The Defendant, JetBlue regularly conducts and transacts business in the Commonwealth of Massachusetts.

7. The Defendant, JetBlue, has hundreds of daily flights that originate, transfer or terminate at Logan International Airport located in Boston, Suffolk County, Massachusetts.

8. Service may be made upon the Defendant, JetBlue, through its Registered Agent, Corporation Service Company, located at 84 State Street in Boston, Suffolk County, Massachusetts.

9. On or about April 14, 2019, the Plaintiff, Domenic Calautti, was lawfully on the premises of Logan International Airport.

10. At all relevant times, the Plaintiff, Domenic Calautti, was in the exercise of due care.

11. At all relevant times, the Plaintiff, Domenic Calautti, had purchased a JetBlue airline ticket departing Oranjestad, Aruba and landing at Logan International Airport on April 14, 2019.

12. Upon arrival at Logan International Airport, the Plaintiff, Domenic Calautti, was instructed to disembark the aircraft using the jetway, a moving bridge that connects the aircraft to the airport gate.

13. The Defendants, Massachusetts Port Authority and JetBlue, were responsible to ensure that the jetway was properly maneuvered and appropriately docked to the aircraft so that passengers could safety disembark the aircraft.

14. The Defendants, Massachusetts Port Authority and JetBlue, negligently maneuvered and docked the jetway to the aircraft causing an unreasonably dangerous gap between the aircraft and the jetway.

15. The Defendants, Massachusetts Port Authority and JetBlue, negligently failed to monitor and inspect the gap between the aircraft and the jetway and allowed the Plaintiff to disembark the aircraft despite the unreasonably dangerous gap between the aircraft and the jetway.

16. The gap between the aircraft and the jetway was creating an unreasonably dangerous and unsafe condition for passengers disembarking from the aircraft.

17. The Defendants, Massachusetts Port Authority and JetBlue, knew or in the exercise of due care should have known, that there was an unreasonably dangerous gap between the aircraft and the jetway.

18. Despite their knowledge, the Defendants, Massachusetts Port Authority and JetBlue, negligently failed to warn the Plaintiff, that there was unreasonably dangerous gap between the aircraft and the jetway.

19. On or about April 14, 2019, as a direct and proximate result of the negligence of the Defendants, Massachusetts Port Authority and JetBlue, the Plaintiff, Domenic Calautti, tripped and fell while disembarking from the JetBlue aircraft due to the unreasonably dangerous gap between the aircraft and the jetway.

20. Notice of the claim of the Plaintiff, Domenic Calautti, pursuant to Massachusetts General Laws, Chapter 258, the Massachusetts Tort Claims Act, was presented to the Defendant, Massachusetts Port Authority on or about June 17, 2019, a copy of which is attached as Exhibit A.

21. The Defendant, Massachusetts Port Authority, has neither settled nor denied in writing the claim of the Plaintiff, Domenic Calautti, within six-months as prescribed by Massachusetts General Laws, Chapter 258, §4.

## COUNT I

### (Negligence –Massachusetts Port Authority)

22. The Plaintiff, Domenic Calautti, restates and incorporates by reference the allegations contained in paragraphs one (1) through twenty-one (21) as if set forth here in their entirety.

23. As a direct and proximate result of the negligence of the Defendant, Massachusetts Port Authority, the Plaintiff, Domenic Calautti, has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work and perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

24. WHEREFORE, the Plaintiff, Domenic Calautti, requests that judgment be entered against the Defendant, Massachusetts Port Authority, plus interest, costs and reasonable attorney's fees.

## COUNT II

### (Failure to Warn – Massachusetts Port Authority)

25. The Plaintiff, Domenic Calautti, restates, and incorporates by reference the allegations contained in paragraphs one (1) through twenty-one (21) as if set forth here in their entirety.

26. As a direct and proximate result of the negligent failure to warn by the Defendant, Massachusetts Port Authority, the Plaintiff, Domenic Calautti, has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work and perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

27. WHEREFORE, the Plaintiff, Domenic Calautti, requests that judgment be entered against the Defendant, Massachusetts Port Authority, plus interest, costs and reasonable attorney's fees.

## COUNT III

### (Negligence –JetBlue)

28. The Plaintiff, Domenic Calautti, restates and incorporates by reference the allegations contained in paragraphs one (1) through twenty-one (21) as if set forth here in their entirety.

29. As a direct and proximate result of the negligence of the Defendant, JetBlue, the Plaintiff, Domenic Calautti, has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work and perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

30. WHEREFORE, the Plaintiff, Domenic Calautti, requests that judgment be entered against the Defendant, JetBlue Airways Corporation, plus interest, costs and reasonable attorney's fees.

## COUNT IV

### (Failure to Warn – JetBlue)

31. The Plaintiff, Domenic Calautti, restates, and incorporates by reference the allegations contained in paragraphs one (1) through twenty-one (21) as if set forth here in their entirety.

32. As a direct and proximate result of the negligent failure to warn by the Defendant, JetBlue, the Plaintiff, Domenic Calautti, has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work and perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

33. WHEREFORE, the Plaintiff, Domenic Calautti, requests that judgment be entered against the Defendant, JetBlue Airways Corporation, plus interest, costs and reasonable attorney's fees.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
Plaintiff, Domenic Calautti,
By his attorneys,

*/s/ Michael D'Isola*
Jeffrey S. Glassman, Esq. BBO#559112
Michael M. D'Isola, Esq. BBO#548279
Michael Belair, Esq. BBO#697293
Law Offices of Jeffrey S. Glassman, LLC
One International Place, Suite 1810
Boston, MA  02110
(617) 367-2900
pleadings@jeffreysglassman.com
mdisola@jeffreysglassman.com
Dated:  April 12, 2022         mbelair@jeffreysglassman.com

# EXHIBIT A



# LAW OFFICES OF JEFFREY S. GLASSMAN LLC

One International Place, Suite 1810, Boston, MA 02110
Phone (617) 367-2900 · Fax (617) 722-9999
www.jeffreysglassman.com

Jeffrey S. Glassman
Traver Clinton Smith, Jr.
J. Morgan Hargrove
Michael M. D'Isola
Ryan M. Monaco
Robert Naumes, Jr.*
L. David Ferrari
Michelle Hodgman**
Laura A. Kiley
Andrew M. Fischer***
Andrew J. Brodie III
Sarah Santiano
Michael W. Kelly****
Benjamin A. Pushner*****
Stephany Obradovich Candamo
Veronica Du 杜艺娴******
Michael G. Belair
Julie E. Lamkin
Karen L. Greenstein*******

*Also admitted in CT
**Also admitted in IL
***Of Counsel
****Also admitted in NH
***** Also admitted in CT, RI, and D.C.
******Admitted in NY Only
*******Also Admitted in CA

June 17, 2019

John Pranckevicius, Acting CEO and Executive Director
Massachusetts Port Authority
One Harborside Drive, Suite 200S
East Boston, MA 02128

Re:  My Client:      Domenic Calautti
     Date of Loss:   April 14, 2019
     Location:       Logan International Airport, JetBlue #674
     Time of Loss:   Approx. 9:35 PM

Dear Mr. Pranckevicius:

Please be advised that this office represents Domenic Calautti who sustained serious personal injuries while he was exiting a JetBlue plane at Logan International Airport on April 14, 2019.

This correspondence is being sent pursuant to M.G.L. c. 258 § 1 et. seq., the Massachusetts Tort Claim Act, concerning Mr. Calautti's bodily injury claim. Mr. Calautti was attempting to exit the plane when he tripped and fell due to a gap between the plane and the jet bridge. Mr. Calautti sustained serious injuries to his head, fingers and leg as a result of this incident.

Based upon information we currently have, the Massachusetts Port Authority was responsible for ensuring the plane bridge was properly docked with the plane and was responsible for ensuring the safety of the passengers exiting the plane. The Massachusetts Port Authority was negligent in failing to ensure the jet bridge was properly docked to the plane.

Mr. Calautti, through counsel, formally demands compensation from the Massachusetts Port Authority for his bodily injuries, including, but not limited to, his medical expenses, and pain and suffering.

Thank you for attention and cooperation in this matter.

Very truly yours,

Jeffrey S. Glassman, Esq.

JSG: sc

Certified Mail / Return Receipt Requested / 7017 2620 0000 1595 5006

Case 1:19-cv-10930-ADB Document 1-3 Filed 06/15/22

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John Pranckevicius, Acting CEO and Executive Director,
Massachusetts Port Authority
One Harborside Drive, Suite 200S
East Boston, MA 02128

9590 9402 4796 8344 8465 71

2. Article Number (Transfer from service label)

7017 2620 0000 1595 5006

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Phillip Vaccaro
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

RECEIVED
CHELSEA MA 02150
RTH ___ 9 2019

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt