UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DOMENIC CALAUTTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MASSACHUSETTS PORT AUTHORITY | * | Civil Action No. 22-cv-10930-ADB |
| and JETBLUE AIRWAYS CORPORATION, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER GRANTING
## JETBLUE AIRWAYS CORPORATION'S MOTION TO DISMISS

BURROUGHS, D.J.

Domenic Calautti ("Plaintiff") filed the instant action against the Massachusetts Port Authority and JetBlue Airways Corporation ("JetBlue") (together, "Defendants") asserting personal injury claims stemming from an incident on April 14, 2019 where Plaintiff suffered injury while disembarking from a JetBlue aircraft flight from Aruba to Boston, Massachusetts. Currently before the Court is JetBlue's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 7]. For the reasons set forth below, the motion to dismiss, [ECF No. 7], is GRANTED.

**I.   BACKGROUND**

The following relevant facts are alleged in Plaintiff's complaint and taken as true for the purpose of resolving JetBlue's motion. Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

On April 14, 2019, a JetBlue flight carrying Plaintiff landed at Logan International Airport, which is owned and operated by the Massachusetts Port Authority. [ECF No. 1-3 ¶11 ("Compl.")]. To allow passengers onboard the flight to disembark, Defendants docked the aircraft on the jetway, which is the moving bridge connecting aircrafts to the airport gates. [Id. ¶ 12]. While docking, Defendants left a gap between the aircraft and the jetway. [Id. ¶ 14]. Defendants did not warn Plaintiff about the gap. [Id. ¶ 18]. In the process of disembarking from the aircraft, Plaintiff "tripped and fell," sustaining bodily injury. [Id. ¶ 19]. He asserts that he was injured as a result of the gap. [Id.]

On April 12, 2022, almost three years after the incident, Plaintiff filed his complaint. [Compl.]. The complaint asserts four counts against Defendants under the Massachusetts Tort Claims Act and for negligence and failure to warn, against the Massachusetts Port Authority (Counts I and II) and against JetBlue (Counts III and IV). [Id. ¶¶ 22–33]. On July 24, 2022, JetBlue moved to dismiss Plaintiff's action for failure to state a claim upon which relief may be granted because the action is time-barred. [ECF No. 7]. Plaintiff opposed the motion to dismiss on August 5, 2022, [ECF No. 9], and JetBlue replied on August 11, 2022, [ECF No. 12].

II.     **LEGAL STANDARD**

To evaluate a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2001). And in doing so, the Court may consider "only the complaint, documents attached to it, and documents expressly incorporated into it." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

Although "[d]etailed factual allegations" are not required, the complaint must set forth "more than labels and conclusions . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. To avoid dismissal, a complaint must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). Further, the facts alleged, when taken together, must be sufficient "to state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

## III.     DISCUSSION

In its motion to dismiss, JetBlue asserts that Plaintiff's action should be dismissed in its entirety because it is time-barred under Article 35 of the Montreal Convention. See [ECF No. 8 at 6]. "The Montreal Convention is a multilateral treaty governing the liability of air carriers for certain injuries and damages that occur during international air carriage." Moore v. Brit. Airways PLC, 32 F.4th 110, 114 (1st Cir. 2022); see also Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, Treaty Doc. No. 106–145, ch. I, art. 1 § 1 2242 U.N.T.S. 350 (the "Montreal Convention"). Local law claims are preempted when they fall within the scope of the Montreal Convention. See Moore, 32 F.4th at 115; El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 161 (1999). The parties agree that the Montreal Convention governs Plaintiff's rights and remedies in this case. See [ECF No. 8 at 7; ECF No. 9 at 2].

Relevant here, Article 35 of the Montreal Convention states that a damages action must be brought within two years from the date of arrival of the aircraft at the destination. See

3

Montreal Convention, ch. III, art. 35, § 1; Dagi v. Delta Airlines, Inc., 961 F.3d 22, 24 (1st Cir. 2020). Massachusetts law, on the other hand, provides that the statute of limitations for personal injuries is three years from the date the cause of action accrues. Mass. Gen. L. ch. 260 § 2A. Given the preemption, Article 35's two-year, rather than Massachusetts' three-year, statute of limitations applies. Because Plaintiff filed suit more than two years after his flight's arrival in Boston, Article 35's statute of limitations bars his claims.

Nevertheless, Plaintiff argues that JetBlue should be equitably estopped from raising the two-year statute of limitations defense. See [ECF No. 9 at 3].

"Courts invoke equitable estoppel when a defendant's conduct causes a plaintiff to delay bringing an action or pursuing a claim he or she was entitled to initiate by law[,]" often resulting in plaintiff's untimely filing. Kelley v. N.L.R.B., 79 F.3d 1238, 1247 (1st Cir. 1996); see also Heckler v. Cmty. Health Servs. of Crawford Cty. Inc., 467 U.S. 51, 59 (1984). "It is not employed unless the plaintiff relies on his or her adversary's conduct and changes his or her position for the worse[]" Kelley, 79 F.3d at 1248, or "lulls a plaintiff into a false belief that it is not necessary to commence suit within a statutory period[,]" Springfield Libr. & Museum Ass'n, Inc. v. Knoedler Archivum, Inc., 341 F. Supp. 2d 32, 41 (D. Mass. 2004). "[T]he doctrine of equitable estoppel . . . requires affirmative misconduct" by the defendant. Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005). While an express promise to waive the statute of limitations is not required, see Bergeron v. Mansour, 152 F.2d 27, 30 (1st Cir. 1945), affirmative misconduct "requires more than simple negligence" and should amount to "an affirmative misrepresentation or affirmative concealment of a material fact[,]" Ramirez-Carlo v. United States, 496 F.3d 41, 49 (1st Cir. 2007) (quoting Watkins v. U.S. Army, 875 F.2d 699, 707 (9th Cir.1989) (en banc)).

Plaintiff asserts that JetBlue should be estopped from raising the statute of limitations defense because its conduct indicated that Massachusetts' three-year statute of limitations, not the Montreal Convention's two-year provision, would govern the instant case. [ECF No. 9 at 3]. As evidence of this conduct, Plaintiff states that the parties engaged in settlement negotiations beyond April 14, 2021, which was the two-year mark; JetBlue made the first settlement offer to Plaintiff after that date on April 30, 2021; these settlement communications continued into March 2022, when Plaintiff's counsel asked for the "top offer" and an increased offer was made; and Defendant's insurer did not ever advise Plaintiff's counsel that the applicable statute of limitations had expired. [Id. at 3–4].

The Court finds that these facts do not support estopping JetBlue from claiming the benefit of the statute of limitations. Plaintiff has not pointed to any affirmative conduct on the part of JetBlue or its insurance adjuster that caused him to delay filing the suit. "Mere negotiations are insufficient to gain the benefit of the equitable estoppel doctrine." Luar Music Corp. v. Universal Music Grp., Inc., 847 F. Supp. 2d 299, 313 (D.P.R. 2012) (citation omitted). "Plaintiff is still required to establish that 'in offering to negotiate, or in actually negotiating, the defendants made representations which they knew or should have known would induce the plaintiff to delay bringing suit, and that the plaintiff in fact delayed filing suit in reliance on those representations.'" Id. (quoting Mercado v. Aviation Assocs., Inc., 974 F.2d 1329 (1st Cir. 1992)). No such facts exist here. There was no mention of the statute of limitations in the communications between the parties, and there is no evidence that JetBlue misled Plaintiff about its intentions to settle, and it actually did agree to settle the matter for an amount suggested by Plaintiff in April 2022. See [ECF No. 13 (JetBlue's exhibit in support of its reply memorandum)]; see also Luar Music Corp., 847 F. Supp. 2d at 314 (finding that defendant's

emails demonstrating a "hope and desire to settle the controversy" did not constitute a misrepresentation of fact that would give rise to a waiver of the statute of limitations defense).

While the negotiations continued past the two-year statute of limitations, this fact alone does not constitute misleading conduct. It is also not JetBlue's insurer's duty to explicitly warn Plaintiff that the applicable statute of limitations had passed and, further, silence on this topic does not constitute a "mutual understanding" that the statute of limitation does not apply. See [ECF No. 9 at 4]. Nothing precluded Plaintiff's counsel from suspending settlement negotiations and filing suit. Courts will not employ equitable estoppel to "cure the defects in [a plaintiff's] settlement strategy" where there is "no evidence in the record that [defendant] engaged in deceptive conduct or unfairly led [plaintiff] to believe that it intended to settle." Kelley, 79 F.3d at 1248; see also Benitez-Pons v. Com. of Puerto Rico, 136 F.3d 54, 64 (1st Cir. 1998) (finding that equitable estoppel was unwarranted where the "conduct was not so misleading as to cause the plaintiff's failure to file on time without the plaintiff's lack of diligence.").

None of the cases Plaintiff cites to support his contention that equitable estoppel is appropriate here. Bergeron involved reliance on affirmative, despicable misrepresentations made by an insurance adjuster to an unrepresented and unsophisticated plaintiff. 152 F.2d at 30–31. And, in Deisenroth v. Numonics Corp., 997 F.Supp. 153, 157 (D. Mass. 1998), the court declined to estop defendant from relying on the statute of limitations defense because the settlement discussions ceased before the statute of limitations ran and because the court found there could be no reasonable reliance on those discussions.

Where, as here, the record reflects only ordinary settlement negotiations, allowing plaintiffs to invoke equitable estoppel "would remove the teeth from statutes of limitation and discourage settlement negotiations." Luar Music Corp., 847 F. Supp. 2d at 314.

Separately, to the extent that Plaintiff asks this Court to invoke equitable tolling, see [ECF No. 9 at 4], federal precedent militates against applying equitable tolling to the instant case. Article 35's time limitation is a condition precedent to suit, which is not subject to tolling. See Mateo v. JetBlue Airways Corp., 847 F. Supp. 2d 383, 388 (E.D.N.Y. 2012) (citing Fishman by Fishman v. Delta Air Lines Inc., 132 F.3d 138, 143 (2d Cir. 1998)); see also Ireland v. AMR Corp., 20 F. Supp. 3d 341, 345 (E.D.N.Y. 2014). Even if the time limitation were subject to equitable tolling, the parties' communications would not entitle Plaintiff to invoke this doctrine. Equitable tolling is "appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands." Kelley, 79 F.3d at 1248 (quoting Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990)). The facts here do not support the claim that Plaintiff missed the filing deadline due to circumstances outside of his control.

**IV.    CONCLUSION**

For these reasons, JetBlue's motion to dismiss, [ECF No. 7], is GRANTED. Further, any claims against the Massachusetts Port Authority would be similarly time barred and, in any event, it is not clear from that record that the Massachusetts Port Authority has been served. To the extent Plaintiff believes that his claims against the Massachusetts Port Authority remain viable, he must file such notice, accompanied by proof of service, with the Court by November 1, 2022.

**SO ORDERED.**

October 18, 2022                                                          /s/ Allison D. Burroughs
                                                                          ALLISON D. BURROUGHS
                                                                          U.S. DISTRICT JUDGE